UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
CHAYA SCHWARTZ,

                Plaintiff,

    -against-

REDLINE RECOVERY SERVICES, LLC.

                Defendant.
-----------------------------------------------------------------

Civil Action No.: CV 11-5337

**COMPLAINT**

**SUMMONS ISSUED**

**DEMAND FOR JURY TRIAL**

GLEESON, J

POHORELSKY, M.J.

Plaintiff CHAYA SCHWARTZ ("<u>Plaintiff</u>"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendant REDLINE RECOVERY SERVICES, LLC. ("<u>Defendant</u>" or "<u>REDLINE</u>"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### **PRELIMINARY STATEMENT**

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>") and New York General Business Law §349.

### **PARTIES**

2. Plaintiff is a resident of the State of New York, residing at 5712 14th Ave., Brooklyn NY 11219.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant REDLINE is a Georgia Limited Liability Company engaged in business of collecting debts with its principal place of business located at 11675 Rainwater Drive, Suite 350, Alpharetta, GA 30009.

5. REDLINE is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, an unknown third party original creditor or creditors, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to REDLINE for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. On or about August 1, 2011, Defendant placed a telephone call to Plaintiff in an attempt to collect the alleged debt and at that time left a voice mail message.

13. Defendant's voice mail message identified REDLINE as a "debt collector" and that any information obtained will be used for the purpose of collecting the alleged debt from Plaintiff.

14. Defendant did not state for whom the voice mail message was left.

15. In response to Defendant's voice mail message, Plaintiff's daughter Malya Schwartz returned Defendant's phone call.

16. Defendant disclosed to Plaintiff's daughter Malya Schwartz, an unauthorized third party, REDLINE's identity as a debt collector attempting to collect the alleged debt from Plaintiff.

17. Defendant violated 15 U.S.C. §1692b and §1692c(b) prohibiting third party disclosure when Plaintiff's daughter Malya Schwartz heard the Defendant's voice mail message disclosing REDLINE's identity as a debt collector and that Plaintiff was being contacted by REDLINE in an attempt collect the alleged debt.

18. Defendant violated 15 U.S.C. §1692b and §1692c(b) prohibiting third party disclosure when Defendant disclosed to Plaintiff's daughter Malya Schwartz REDLINE's identity as a debt collector and that Plaintiff was being contacted by REDLINE in an attempt collect the alleged debt.

19. Defendant's actions caused the Plaintiff deep embarrassment and emotional stress when Plaintiff's daughter Malya Schwartz inquired as to why Plaintiff was receiving phone calls from a debt collection company, who REDLINE is, why REDLINE calls and if Plaintiff is in serious trouble in violation of 15 U.S.C. §1692b and §1692c(b); §1692e-preface and (10) and §1692f-preface.

20. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress and other damages as a result of Defendant's harassment and actions.

21. Defendant violated the FDCPA.

22. Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692b.

   b. 15 U.S.C. §1692c(b).

   c. 15 U.S.C. §1692e-preface, and (10).

   d. 15 U.S.C. §1692f-preface.

   e. 15 U.S.C. §1692g.

25. As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law §349.

28. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CHAYA SCHWARTZ demands judgment from the Defendant REDLINE RECOVERY SERVICES, LLC as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and General Business Law

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A); and General Business Law

C. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3); and General Business Law

E. A declaration that the Defendant's practices violated the FDCPA and General Business Law

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff CHAYA SCHWARTZ hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to a jury trial.

Dated:          October 27, 2011

                                        Respectfully submitted,

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff CHAYA SCHWARTZ